Albert Mintzer v. Commissioner.
Mintzer v. Commissioner
Docket Nos. 26719, 33970.
United States Tax Court
1951 Tax Ct. Memo LEXIS 4; 10 T.C.M. (CCH) 1254; T.C.M. (RIA) 51369; December 29, 1951
Albert Mintzer, pro se. Thomas R. Charshee, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Petitioner challenges respondent's determination of deficiencies in income tax for 1944, 1945 and 1946 of $4,103.45, $10,297.31 and $43,583.86, and a delinquency penalty under section 291(a), Internal Revenue Code, for 1944 of $488.95. Certain adjustments are not contested. The sole issue is whether petitioner is entitled to capital gain treatment on profits from sales of real estate. Findings of Fact Petitioner *5 filed his tax returns for the years in controversy with the collector of internal revenue for the 2nd district of New York. Since 1930 petitioner has been an attorney. Since 1940 he has engaged in the purchase and sale of real estate. From 1940 to 1944 he realized no appreciable income from the practice of law, and during the taxable years in controversy, none whatever. During each of the taxable years he realized losses on the rental of his real property. Sales of property resulted in gain. Some sales were made through brokers who approached him and others were made to tenants. He was not a licensed real estate broker. During 1944 and 1945 he was a member of the Real Estate Board of New York. Sales of real estate for the taxable years were reported by petitioner in his tax returns as follows: Kind of
Date
Date
Property
Acquired
Sold
Sales Price
Cost
Depreciation
Gain
Brick
Building
9/15/41
12/ 1/44
$ 11,000.00
$ 7,500.00
$ 650.00
$ 4,150.00
Brick
Building
3/23/43
8/31/44
4,872.00
1,800.00
340.00
3,412.00
Brick
Building
6/ 1/43
5/ 1/44
40,664.75
33,500.00
794.32
7,959.07
Brick
Building
3/ 1/44
1/ 8/45
45,000.00
32,000.00
640.10
13,640.10
Brick
Building
5/ 1/43
1/10/45
36,000.00
25,526.40
1,168.41
11,642.01
Frame
Building
3/13/41
9/ 1/45
12,635.00
10,250.00
1,480.93
3,865.93
Lots
2/ 8/44
7/26/45
4,600.00
2,000.00
0.00
2,600.00
Building
11/ 1/41
5/ 4/46
64,000.00
31,000.00
2,319.70
35,319.70
Building
3/23/44
1/15/46
12,500.00
12,500.00
1,666.98
1,666.98
Building
1/ 1/44
8/23/46
30,000.00
14,400.00
1,280.00
16,880.00
Building
3/ 1/45
1/14/46
76,877.00
77,077.00
342.56
142.56
Building
11/15/45
6/ 3/46
91,500.00
80,000.00
1,260.80
12,760.80
Building
10/31/44
5/28/46
94,781.20
85,325.00
0.00
9,456.20
Building
3/15/45
5/28/46
150,000.00
110,000.00
3,625.00
43,625.00
*6 Petitioner treated the profit from each of the above transactions as resulting in longerm capital gain. His tax return for the calendar year 1944, dated "7/10/45," reported a net loss of $1,764.03, resulting from loss from rents of $9,524.57 and long-term capital gain of $7,760.54. His return for 1945 reported adjusted gross income of $12,908.97, resulting from long-term capital gain of $15,874.02, loss from rents of $1,201.02, and net loss carry-over of $1,764.03. His 1946 return reported adjusted gross income of $33,693, resulting from long-term capital gain of $59,925.62 and loss from rents of $26,232.62. Respondent's notices of deficiency determined, among other matters, that during the taxable years petitioner was engaged "* * * in the trade or business of selling real estate, and certain properties sold were held by you primarily for sale to customers in the ordinary course of your trade or business within the meaning of section 117 (a) (1) of the Internal Revenue Code; and that the profits in respect of such sales to be taken into account for tax are not limited by the percentage applicable to capital assets." During 1944, 1945 and 1946 petitioner *7 was engaged in the trade or business of dealing in real estate and the properties sold in the transactions in controversy were held by him primarily for sale to customers in the ordinary course of that trade or business. Opinion Petitioner's burden of proving that the real property disposed of in the tax years was not held "primarily for sale to customers in the regular course of his trade or business," within the meaning of section 117 has not been met. All of the evidence in fact points to the contrary. For all that appears every property ever purchased by petitioner was sold. All of the transactions of which we have the details represented sales in a comparatively short time - about four years at the most and usually from one to two years. Only the sales gave rise to profits. Retaining the properties even for the short periods shown resulted in operating losses sometimes in substantial figures. It strains the credulity intolerably to assume that under these circumstances petitioner's primary purpose could have been to retain properties at a loss rather than sell them at substantial profits. Our ultimate finding accordingly disposes of the issue in accordance with respondent's *8 determination. See Walter G. Morley, 8 T.C. 904; Charles H. Black, Sr., 45 B.T.A. 204. Decisions will be entered for the respondent.